McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2723

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:07-CV-00816 FCD/KJM |
| Plaintiff, | |
| v. | STIPULATION TO EXTEND STAY OF FURTHER PROCEEDINGS AND ORDER |
| APPROXIMATELY $79,784.78 IN MONEY ORDERS, | |
| APPROXIMATELY $193,250.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $1,598.00 IN U.S. CURRENCY, AND | |
| MISCELLANEOUS SMOKELESS TOBACCO PRODUCTS, | |
| Defendants. | |

    Plaintiff United States of America and claimant LA Price King, Inc., submit the following Stipulation To Extend Stay of Further Proceedings and Order [Proposed] and request that the Court enter an order extending the stay now in effect for an additional six months, until November 9, 2008. The parties make this request for the following reasons:

1

1. Pursuant to 18 U.S.C. §§ 981(g)(1), and 981(g)(2) the parties seek a stay of further proceedings in this civil forfeiture case. The United States contends that the defendant property consisting of currency, money orders, and miscellaneous tobacco products (collectively referred to as the "defendant assets") are forfeitable to the United States because they are the proceeds of mail and/or wire fraud, and/or are traceable to money laundering offenses. The details of the underlying criminal investigation involving claimant are set forth in detail the affidavit of Special Agent Trista K. Frederick, U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, attached as Exhibit A to the Complaint for Forfeiture <u>In</u> <u>Rem</u> filed on April 27, 2007.

2. The defendant property was seized from claimant's business premises at 338 East 3rd Street, Los Angeles, California, on October 17, 2006, during the execution of a search warrant.

3. Varun Kumar, in his capacity as President of LA Price King, Inc., submitted a claim to the defendant assets. The United States intends to depose Kumar about various topics, including but not limited to his knowledge of the operation of LA Price King and other companies in the tobacco distribution business in the Los Angeles area. Kumar will also be questioned about LA Price King's payment, or non-payment, of excise taxes due to the State of California, Board of Equalization, in connection with the sale of tobacco products. The United States also intends to depose other individuals who the United States contends are the true owners of LA Price King.

Counsel for claimant LA Price King has informed counsel for

the United States that if discovery proceeds, Kumar and the principals of LA Price King would be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to protect its interest in the defendant assets, or waiving their Fifth Amendment rights and submitting to depositions and potentially incriminating themselves in a related criminal investigation.  If Kumar or the individuals the United States believes are the true owners of LA Price King invoke the Fifth Amendment, the United States will be deprived of the ability to explore the factual basis for the claims LA Price King has filed with this Court.

4.   In addition, claimant intends to depose federal law enforcement officers involved in the investigation that led to the issuance of the search warrant.  Allowing depositions of the law enforcement investigators involved in the criminal investigation would adversely affect the ability of the U.S. Attorney's Office to properly investigate and prosecute their case.

5.   Accordingly, the parties recognize that proceeding with this action at this time has potential adverse affects on the related criminal investigation and/or upon claimant's ability to prove its claim that the defendant assets belongs to them, and that they came from legitimate sources.  For these reasons, the parties jointly request that this matter be stayed for a period of six months until November 9, 2008.  At that time the parties will advise the court of the status of the criminal investigation and will, if necessary, seek a further stay.

6.   The parties to this stipulation reserve all claims and

3

defenses to this forfeiture.  In particular, by agreeing to this stay, the United States has not waived its right to challenge claimant's standing to contest the forfeiture of the defendant assets.

Dated: May 7, 2008        McGREGOR W. SCOTT
                          United States Attorney

                    By    /s/ Kristin S. Door
                          KRISTIN S. DOOR
                          Assistant U.S. Attorney

Dated: May 7, 2008        BENSINGER, RITT, TAI & THVEDT

                    By    /s/ Kerry R. Bensinger
                          KERRY R. BENSINGER
                          Attorneys for LA Price King, Inc.

                          (Original signatures retained by
                          plaintiff's counsel)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for a period of six months.  On or before November 11, 2008, the parties will advise the court whether a further stay is necessary.

   IT IS SO ORDERED.

Dated: May 8, 2008

                          _____
                          FRANK C. DAMRELL, JR.
                          UNITED STATES DISTRICT JUDGE

4