```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916) 554-2723

 5  Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 2:07-CV-00816 FCD/KJM |
|---|---|---|
| Plaintiff, | ) | |
| | ) | STIPULATION AND ORDER TO |
| v. | ) | EXTEND STAY OF FURTHER |
| | ) | PROCEEDINGS |
| APPROXIMATELY $79,784.78 IN MONEY ORDERS, | ) | |
| APPROXIMATELY $193,250.00 IN U.S. CURRENCY, | ) | |
| APPROXIMATELY $1,598.00 IN U.S. CURRENCY, AND | ) | |
| MISCELLANEOUS SMOKELESS TOBACCO PRODUCTS, | ) | |
| Defendants. | ) | |

Plaintiff United States of America and claimant LA Price King, Inc., submit the following Stipulation To Extend Stay of Further Proceedings and Order and request that the Court enter an order extending the stay now in effect for an additional six months, until May 9, 2009. The parties make this request for the following reasons:

1

1.   Pursuant to 18 U.S.C. §§ 981(g)(1), and 981(g)(2) the parties seek a stay of further proceedings in this civil forfeiture case.  The United States contends that the defendant property consisting of currency, money orders, and miscellaneous tobacco products (collectively referred to as the "defendant assets") are forfeitable to the United States because they are the proceeds of mail and/or wire fraud, and/or are traceable to money laundering offenses.  The details of the underlying criminal investigation involving claimant are set forth in detail the affidavit of Special Agent Trista K.  Frederick, U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, attached as Exhibit A to the Complaint for Forfeiture <u>In</u> <u>Rem</u> filed on April 27, 2007.

2.   The defendant property was seized from claimant's business premises at 338 East 3rd Street, Los Angeles, California, on October 17, 2006, during the execution of a search warrant.

3.   Varun Kumar, in his capacity as President of LA Price King, Inc., submitted a claim to the defendant assets.  The United States intends to depose Kumar about various topics, including but not limited to his knowledge of the operation of LA Price King and other companies in the tobacco distribution business in the Los Angeles area.  Kumar will also be questioned about LA Price King's payment, or non-payment, of excise taxes due to the State of California, Board of Equalization, in connection with the sale of tobacco products.  The United States also intends to depose other individuals who the United States contends are the true owners of LA Price King.

Counsel for claimant LA Price King has informed counsel for

1 the United States that if discovery proceeds, Kumar and the
2 principals of LA Price King would be placed in the difficult
3 position of either invoking their Fifth Amendment right against
4 self-incrimination and losing the ability to protect its interest
5 in the defendant assets, or waiving their Fifth Amendment rights
6 and submitting to depositions and potentially incriminating
7 themselves in a related criminal investigation.  If Kumar or the
8 individuals the United States believes are the true owners of LA
9 Price King invoke the Fifth Amendment, the United States will be
10 deprived of the ability to explore the factual basis for the claims
11 LA Price King has filed with this Court.

12    4.   In addition, claimant intends to depose federal law
13 enforcement officers involved in the investigation that led to the
14 issuance of the search warrant.  Allowing depositions of the law
15 enforcement investigators involved in the criminal investigation
16 would adversely affect the ability of the U.S. Attorney's Office to
17 properly investigate and prosecute their case.

18    5.   Accordingly, the parties recognize that proceeding with
19 this action at this time has potential adverse affects on the
20 related criminal investigation and/or upon claimant's ability to
21 prove its claim that the defendant assets belongs to them, and that
22 they came from legitimate sources.  For these reasons, the parties
23 jointly request that this matter be stayed for a period of six
24 months until May 9, 2009.  At that time the parties will advise
25 the court of the status of the criminal investigation and will, if
26 necessary, seek a further stay.

27    6.   The parties to this stipulation reserve all claims and

28

defenses to this forfeiture.  In particular, by agreeing to this stay, the United States has not waived its right to challenge claimant's standing to contest the forfeiture of the defendant assets.

Dated: November 5, 2008        McGREGOR W. SCOTT
                               United States Attorney

                        By     /s/ Kristin S. Door
                               KRISTIN S. DOOR
                               Assistant U.S. Attorney

Dated: November 5, 2008        BENSINGER, RITT, TAI & THVEDT

                        By     /s/ Kerry R. Bensinger
                               KERRY R. BENSINGER
                               Attorneys for LA Price King, Inc.

                               (Original signatures retained by plaintiff's counsel)

## ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for a period of six months.  On or before May 8, 2009, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.
Dated: November 7, 2008

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4