```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone:  (916) 554-2723

 5  Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 2:07-CV-00816 FCD/KJM |
|---|---|---|
| Plaintiff, | ) | |
| | ) | STIPULATION AND ORDER TO |
| v. | ) | EXTEND STAY OF FURTHER |
| | ) | PROCEEDINGS |
| APPROXIMATELY $79,784.78 IN MONEY ORDERS, | ) | |
| APPROXIMATELY $193,250.00 IN U.S. CURRENCY, | ) | |
| APPROXIMATELY $1,598.00 IN U.S. CURRENCY, AND | ) | |
| MISCELLANEOUS SMOKELESS TOBACCO PRODUCTS, | ) | |
| Defendants. | ) | |

Plaintiff United States of America and claimant LA Price King, Inc., submit the following Stipulation To Extend Stay of Further Proceedings and Order [Proposed] and request that the Court enter an order extending the stay now in effect for an additional six months, until November 13, 2009. The parties make this request for the following reasons:

1

1. Pursuant to 18 U.S.C. §§ 981(g)(1), and 981(g)(2) the parties seek a stay of further proceedings in this civil forfeiture case. The United States contends that the defendant property consisting of currency, money orders, and miscellaneous tobacco products (collectively referred to as the "defendant assets") are forfeitable to the United States because they are the proceeds of mail and/or wire fraud, and/or are traceable to money laundering offenses. The details of the underlying criminal investigation involving claimant are set forth in detail the affidavit of Special Agent Trista K. Frederick, U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, attached as Exhibit A to the Complaint for Forfeiture In Rem filed on April 27, 2007.

2. The defendant property was seized from claimant LA Price King's business premises at 338 East 3rd Street, Los Angeles, California, on October 17, 2006, during the execution of a search warrant.

3. Varun Kumar, in his capacity as President of LA Price King, Inc., submitted a claim to the defendant assets. The United States intends to depose Kumar about various topics, including but not limited to his knowledge of the operation of LA Price King and other companies in the tobacco distribution business in the Los Angeles area. Kumar will also be questioned about LA Price King's payment, or non-payment, of excise taxes due to the State of California, Board of Equalization, in connection with the sale of tobacco products.

4. Anil Mahli was indicted on December 18, 2008, by a federal grand jury in this district on charges relating to the

operation of LA Price King, including conspiracy to commit mail fraud and mail fraud. That case is <u>United States v. Salam S. Kalasho, Anil Mahli, and Pisces International, Inc.</u>, 2:08-cr-577 FCD. The indictment charges that Mahli was the de facto owner of LA Price King, and was in charge of day-to-day operations at LA Price King. To proceed with discovery in this case plaintiff would need to depose Anil Mahli on the same topics described in the previous paragraph.

  5. Counsel for claimant LA Price King has informed counsel for the United States that if discovery proceeds, Kumar and the principals of LA Price King, including defendant Anil Mahli, would be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to protect its interest in the defendant assets, or waiving their Fifth Amendment rights and submitting to depositions and potentially incriminating themselves in a related criminal investigation. If Mahli or the other individuals the United States believes are the true owners of LA Price King invoke the Fifth Amendment, the United States will be deprived of the ability to explore the factual basis for the claims LA Price King has filed with this Court.

  6. In addition, claimant intends to depose federal law enforcement officers involved in the investigation that led to the issuance of the search warrant. Allowing depositions of the law enforcement investigators involved in the criminal investigation would adversely affect the ability of the U.S. Attorney's Office to properly prosecute their case.

7. Accordingly, the parties recognize that proceeding with this action at this time has potential adverse affects on the related criminal prosecution and/or upon claimant's ability to prove its claim that the defendant assets belongs to them, and that they came from legitimate sources. For these reasons, the parties jointly request that this matter be stayed for a period of six months until November 13, 2009. At that time the parties will advise the court of the status of the criminal prosecution and will, if necessary, seek a further stay.

8. The parties to this stipulation reserve all claims and defenses to this forfeiture. In particular, by agreeing to this stay, the United States has not waived its right to challenge claimant's standing to contest the forfeiture of the defendant assets.

Dated: May 8, 2009           LAWRENCE G. BROWN
                             Acting United States Attorney


                         By  /s/ Kristin S. Door
                             KRISTIN S. DOOR
                             Assistant U.S. Attorney


Dated: May 11, 2009          BENSINGER, RITT, TAI & THVEDT


                         By  /s/ Kerry B. Bensinger
                             KERRY R. BENSINGER
                             Attorneys for LA Price King, Inc.

                             (Original signatures retained by
                             plaintiff's counsel)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for a period of six months. On or before November 13, 2009, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: May 12, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE