```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916) 554-2723

 5  Attorney for Plaintiff
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:07-CV-00816 FCD/KJM |
| Plaintiff, | |
| v. | STIPULATION TO EXTEND STAY OF FURTHER PROCEEDINGS AND ORDER |
| APPROXIMATELY $79,784.78 IN MONEY ORDERS, | |
| APPROXIMATELY $193,250.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $1,598.00 IN U.S. CURRENCY, AND | |
| MISCELLANEOUS SMOKELESS TOBACCO PRODUCTS, | |
| Defendants. | |

Plaintiff United States of America and claimant LA Price King, Inc., submit the following Stipulation To Extend Stay of Further Proceedings and Order [Proposed] and request that the Court enter an order extending the stay now in effect until February 16, 2010. The parties make this request for the following reasons:

1. Pursuant to 18 U.S.C. §§ 981(g)(1), and 981(g)(2) the

1

1  parties seek a stay of further proceedings in this civil forfeiture
2  case.  The United States contends that the defendant property
3  consisting of currency, money orders, and miscellaneous tobacco
4  products (collectively referred to as the "defendant assets") are
5  forfeitable to the United States because they are the proceeds of
6  mail and/or wire fraud, and/or are traceable to money laundering
7  offenses.  The details of the underlying criminal investigation
8  involving claimant are set forth in detail the affidavit of Special
9  Agent Trista K. Frederick, U.S. Department of Justice, Bureau of
10 Alcohol, Tobacco, Firearms, and Explosives, attached as Exhibit A
11 to the Complaint for Forfeiture <u>In</u> <u>Rem</u> filed on April 27, 2007.
12     2.   The defendant property was seized from claimant LA Price
13 King's business premises at 338 East 3rd Street, Los Angeles,
14 California, on October 17, 2006, during the execution of a search
15 warrant.
16     3.   Varun Kumar, in his capacity as President of LA Price
17 King, Inc., submitted a claim to the defendant assets.  The United
18 States intends to depose Kumar about various topics, including but
19 not limited to his knowledge of the operation of LA Price King and
20 other companies in the tobacco distribution business in the Los
21 Angeles area.  Kumar will also be questioned about LA Price King's
22 payment, or non-payment, of excise taxes due to the State of
23 California, Board of Equalization, in connection with the sale of
24 tobacco products.
25     4.   Anil Mahli was indicted on December 18, 2008, by a
26 federal grand jury in this district on charges relating to the
27 operation of LA Price King, including conspiracy to commit mail
28

1 fraud and mail fraud.  That case is <u>United States v. Salam S.</u>
2 <u>Kalasho, Anil Mahli, and Pisces International, Inc.</u>, 2:08-cr-577
3 FCD.  The indictment charges that Mahli was the de facto owner of
4 LA Price King, and was in charge of day-to-day operations at LA
5 Price King.  To proceed with discovery in this case plaintiff would
6 need to depose Anil Mahli on the same topics described in the
7 previous paragraph.
8       5.   Counsel for claimant LA Price King has informed counsel
9 for the United States that if discovery proceeds, Kumar and the
10 principals of LA Price King, including defendant Anil Mahli, would
11 be placed in the difficult position of either invoking their Fifth
12 Amendment right against self-incrimination and losing the ability
13 to protect its interest in the defendant assets, or waiving their
14 Fifth Amendment rights and submitting to depositions and
15 potentially incriminating themselves in a related criminal
16 investigation.  If Mahli or the other individuals the United States
17 believes are the true owners of LA Price King invoke the Fifth
18 Amendment, the United States will be deprived of the ability to
19 explore the factual basis for the claims LA Price King has filed
20 with this Court.
21      6.   In addition, claimant intends to depose federal law
22 enforcement officers involved in the investigation that led to the
23 issuance of the search warrant.  Allowing depositions of the law
24 enforcement investigators involved in the criminal investigation
25 would adversely affect the ability of the U.S. Attorney's Office to
26 properly prosecute their case.
27      7.   Accordingly, the parties recognize that proceeding with
28

1  this action at this time has potential adverse affects on the
2  related criminal prosecution and/or upon claimant's ability to
3  prove its claim that the defendant assets belongs to them, and that
4  they came from legitimate sources.  However, the parties are
5  informed and believe that the criminal matter involving Mahli may
6  be resolved in the near future. For these reasons, the parties
7  jointly request that this matter be stayed for until February 16,
8  2010.   At that time the parties will advise the court of the
9  status of the criminal prosecution and will, if necessary, seek a
10 further stay.
11      8.    The parties to this stipulation reserve all claims and
12 defenses to this forfeiture.  In particular, by agreeing to this
13 stay, the United States has not waived its right to challenge
14 claimant's standing to contest the forfeiture of the defendant
15 assets.

17 Dated: November 12, 2009         BENJAMIN B. WAGNER
                                    United States Attorney

19                            By    /s/ Kristin S. Door
                                    KRISTIN S. DOOR
20                                  Assistant U.S. Attorney

21 //
22 //
23 //
24 Dated: November 12, 2009         BENSINGER, RITT, TAI & THVEDT

26                            By    /s/ Kerry R. Bensinger
                                    KERRY R. BENSINGER
27                                  Attorneys for LA Price King, Inc.

28

4

(Original signatures retained by plaintiff's counsel)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until February 16, 2010. On or before February 16, 2010, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: November 12, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

5