1  BENJAMIN B. WAGNER
   United States Attorney
2  KRISTIN S. DOOR, SBN 84307
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2723

5  Attorney for Plaintiff

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        )    2:07-CV-00816 FCD/KJM
                                    )
12          Plaintiff,              )
                                    )    STIPULATION AND ORDER
13      v.                          )    TO EXTEND STAY OF
                                    )    FURTHER PROCEEDINGS
14 APPROXIMATELY $79,784.78 IN MONEY )
   ORDERS,                          )
15                                  )
   APPROXIMATELY $193,250.00 IN U.S. )
16 CURRENCY,                        )
                                    )
17 APPROXIMATELY $1,598.00 IN U.S.  )
   CURRENCY, AND                    )
18                                  )
   MISCELLANEOUS SMOKELESS TOBACCO  )
19 PRODUCTS,                        )
                                    )
20          Defendants.             )
   ─────────────────────────────────)

21

22      Plaintiff United States of America and claimant LA Price King,

23 Inc., submit the following Stipulation To Extend Stay of Further

24 Proceedings and Order [Proposed] and request that the Court enter

25 an order extending the stay now in effect until September 14, 2010.

26  The parties make this request for the following reasons:

27      1.    Pursuant to 18 U.S.C. §§ 981(g)(1), and 981(g)(2) the

28

1   parties seek a stay of further proceedings in this civil forfeiture

2   case.  The United States contends that the defendant property

3   consisting of currency, money orders, and miscellaneous tobacco

4   products (collectively referred to as the "defendant assets") are

5   forfeitable to the United States because they are the proceeds of

6   mail and/or wire fraud, and/or are traceable to money laundering

7   offenses.  The details of the underlying criminal investigation

8   involving claimant are set forth in detail the affidavit of Special

9   Agent Trista K. Frederick, U.S. Department of Justice, Bureau of

10  Alcohol, Tobacco, Firearms, and Explosives, attached as Exhibit A

11  to the Complaint for Forfeiture <u>In</u> <u>Rem</u> filed on April 27, 2007.

12       2.   The defendant property was seized from claimant LA Price

13  King's business premises at 338 East 3rd Street, Los Angeles,

14  California, on October 17, 2006, during the execution of a search

15  warrant.

16       3.   Varun Kumar, in his capacity as President of LA Price

17  King, Inc., submitted a claim to the defendant assets.  The United

18  States intends to depose Kumar about various topics, including but

19  not limited to his knowledge of the operation of LA Price King and

20  other companies in the tobacco distribution business in the Los

21  Angeles area.  Kumar will also be questioned about LA Price King's

22  payment, or non-payment, of excise taxes due to the State of

23  California, Board of Equalization, in connection with the sale of

24  tobacco products.

25       4.   Anil Mahli was indicted on December 18, 2008, by a

26  federal grand jury in this district on charges relating to the

27  operation of LA Price King, including conspiracy to commit mail

28

1  fraud and mail fraud.   That case is <u>United States v. Salam S.</u>

2  <u>Kalasho, Anil Mahli, and Pisces International, Inc.</u>, 2:08-cr-577

3  FCD.   The indictment charges that Mahli was the de facto owner of

4  LA Price King, and was in charge of day-to-day operations at LA

5  Price King.   To proceed with discovery in this case plaintiff would

6  need to depose Anil Mahli on the same topics described in the

7  previous paragraph.

8       5.   Counsel for claimant LA Price King has informed counsel

9  for the United States that if discovery proceeds, Kumar and the

10  principals of LA Price King, including defendant Anil Mahli, would

11  be placed in the difficult position of either invoking their Fifth

12  Amendment right against self-incrimination and losing the ability

13  to protect its interest in the defendant assets, or waiving their

14  Fifth Amendment rights and submitting to depositions and

15  potentially incriminating themselves in a related criminal

16  investigation.   If Mahli or the other individuals the United States

17  believes are the true owners of LA Price King invoke the Fifth

18  Amendment, the United States will be deprived of the ability to

19  explore the factual basis for the claims LA Price King has filed

20  with this Court.

21       6.   In addition, claimant intends to depose federal law

22  enforcement officers involved in the investigation that led to the

23  issuance of the search warrant.   Allowing depositions of the law

24  enforcement investigators involved in the criminal investigation

25  would adversely affect the ability of the U.S. Attorney's Office to

26  properly prosecute their case.

27       7.   Accordingly, the parties recognize that proceeding with

28

STIPULATION AND ORDER TO EXTEND STAY
  OF FURTHER  PROCEEDINGS      3

1   this action at this time has potential adverse affects on the

2   related criminal prosecution and/or upon claimant's ability to

3   prove its claim that the defendant assets belongs to them, and that

4   they came from legitimate sources.   However, the parties are

5   informed and believe that the criminal matter involving Mahli may

6   be resolved in the near future.   The status conference in Mahli's

7   criminal case has been continued again to July 26, 2010.   For these

8   reasons, the parties jointly request that this matter be stayed

9   until September 14, 2010.   At that time the parties will advise

10  the court of the status of the criminal prosecution and will, if

11  necessary, seek a further stay.

12      8.   The parties to this stipulation reserve all claims and

13  defenses to this forfeiture.   In particular, by agreeing to this

14  stay, the United States has not waived its right to challenge

15  claimant's standing to contest the forfeiture of the defendant

16  assets.

17

18  Dated: May 12, 2010            BENJAMIN B. WAGNER
                                   United States Attorney
19

20                         By   /s/ Kristin S. Door
                                KRISTIN S. DOOR
21                              Assistant U.S. Attorney

22  Dated: May 12, 2010            BENSINGER, RITT, TAI & THVEDT
23

24                         By:  /s/ Kerry R. Bensinger
25                              (As authorized on 5/12/10)
                                KERRY R. BENSINGER
26                              Attorneys for LA Price King, Inc.

27

28

        STIPULATION AND ORDER TO EXTEND STAY
          OF FURTHER  PROCEEDINGS        4

**ORDER**

    For the reasons set forth above, this matter is stayed
pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until September
14, 2010.  On or before September 14, 2010, the parties will advise
the court whether a further stay is necessary.


IT IS SO ORDERED.

Dated: May 12, 2010

                            FRANK C. DAMRELL, JR.
                            UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER TO EXTEND STAY
    OF FURTHER  PROCEEDINGS        5