BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2723

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:07-CV-00816 FCD/KJM |
| Plaintiff, | |
| v. | STIPULATION TO EXTEND STAY OF FURTHER PROCEEDINGS AND **ORDER** |
| APPROXIMATELY $79,784.78 IN MONEY ORDERS, | |
| APPROXIMATELY $193,250.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $1,598.00 IN U.S. CURRENCY, AND | |
| MISCELLANEOUS SMOKELESS TOBACCO PRODUCTS, | |
| Defendants. | |

Plaintiff United States of America and claimant LA Price King, Inc., submit the following Stipulation To Extend Stay of Further Proceedings and Order [Proposed] and request that the Court enter an order extending the stay now in effect until January 14, 2011. The parties make this request for the following reasons:

   1.   Pursuant to 18 U.S.C. §§ 981(g)(1), and 981(g)(2) the

1

1  parties seek a stay of further proceedings in this civil forfeiture
2  case.  The United States contends that the defendant property
3  consisting of currency, money orders, and miscellaneous tobacco
4  products (collectively referred to as the "defendant assets") are
5  forfeitable to the United States because they are the proceeds of
6  mail and/or wire fraud, and/or are traceable to money laundering
7  offenses.  The details of the underlying criminal investigation
8  involving claimant are set forth in detail the affidavit of Special
9  Agent Trista K. Frederick, U.S. Department of Justice, Bureau of
10 Alcohol, Tobacco, Firearms, and Explosives, attached as Exhibit A
11 to the Complaint for Forfeiture <u>In</u> <u>Rem</u> filed on April 27, 2007.
12     2.   The defendant property was seized from claimant LA Price
13 King's business premises at 338 East 3rd Street, Los Angeles,
14 California, on October 17, 2006, during the execution of a search
15 warrant.
16     3.   Varun Kumar, in his capacity as President of LA Price
17 King, Inc., submitted a claim to the defendant assets.  The United
18 States intends to depose Kumar about various topics, including but
19 not limited to his knowledge of the operation of LA Price King and
20 other companies in the tobacco distribution business in the Los
21 Angeles area.  Kumar will also be questioned about LA Price King's
22 payment, or non-payment, of excise taxes due to the State of
23 California, Board of Equalization, in connection with the sale of
24 tobacco products.
25     4.   Anil Mahli was indicted on December 18, 2008, by a
26 federal grand jury in this district on charges relating to the
27 operation of LA Price King, including conspiracy to commit mail
28

fraud and mail fraud. That case is <u>United States v. Salam S. Kalasho, Anil Mahli, and Pisces International, Inc.</u>, 2:08-cr-577 FCD. The indictment charges that Mahli was the de facto owner of LA Price King, and was in charge of day-to-day operations at LA Price King. To proceed with discovery in this case plaintiff would need to depose Anil Mahli on the same topics described in the previous paragraph.

5. Counsel for claimant LA Price King has informed counsel for the United States that if discovery proceeds, Kumar and the principals of LA Price King, including defendant Anil Mahli, would be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to protect its interest in the defendant assets, or waiving their Fifth Amendment rights and submitting to depositions and potentially incriminating themselves in a related criminal investigation. If Mahli or the other individuals the United States believes are the true owners of LA Price King invoke the Fifth Amendment, the United States will be deprived of the ability to explore the factual basis for the claims LA Price King has filed with this Court.

6. In addition, claimant intends to depose federal law enforcement officers involved in the investigation that led to the issuance of the search warrant. Allowing depositions of the law enforcement investigators involved in the criminal investigation would adversely affect the ability of the U.S. Attorney's Office to properly prosecute their case.

7. Accordingly, the parties recognize that proceeding with

1 this action at this time has potential adverse affects on the
2 related criminal prosecution and/or upon claimant's ability to
3 prove its claim that the defendant assets belongs to them, and that
4 they came from legitimate sources.  However, the parties are
5 informed and believe that the criminal matter involving Mahli may
6 be resolved in the near future.  The status conference in Mahli's
7 criminal case has been continued again to November 1, 2010.  For
8 these reasons, the parties jointly request that this matter be
9 stayed until January 14, 2011.  At that time the parties will
10 advise the court of the status of the criminal prosecution and
11 will, if necessary, seek a further stay.

12     8.    The parties to this stipulation reserve all claims and
13 defenses to this forfeiture.  In particular, by agreeing to this
14 stay, the United States has not waived its right to challenge
15 claimant's standing to contest the forfeiture of the defendant
16 assets.

18 Dated: September 9, 2010        BENJAMIN B. WAGNER
                                   United States Attorney

20                            By   /s/ Kristin S. Door
                                   KRISTIN S. DOOR
21                                 Assistant U.S. Attorney

22
Dated:                             BENSINGER, RITT, TAI & THVEDT
23

25                           By:   /s/ Kerry R. Bensinger
                                   (As authorized on 09/09/10)
                                   KERRY R. BENSINGER
26                                 Attorneys for LA Price King, Inc.

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until January 14, 2011. On or before January 14, 2011, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: October 20, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE