BENJAMIN B. WAGNER
United States Attorney
KELLI L. TAYLOR
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:07-CV-00816 FCD-EFB(TEMP) |
| Plaintiff, | |
| v. | STIPULATION TO EXTEND STAY OF FURTHER PROCEEDINGS; **ORDER** |
| APPROXIMATELY $79,784.78 IN MONEY ORDERS, | |
| APPROXIMATELY $193,250.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $1,598.00 IN U.S. CURRENCY, AND | |
| MISCELLANEOUS SMOKELESS TOBACCO PRODUCTS, | |
| Defendants. | |

Plaintiff United States of America and claimant LA Price King, Inc., submit the following Stipulation To Extend Stay of Further Proceedings and Order [Proposed] and request that the Court enter an order extending the stay now in effect until May 13, 2011. The parties make this request for the following reasons:

1.  Pursuant to 18 U.S.C. §§ 981(g)(1), and 981(g)(2) the parties seek a stay of further proceedings in this civil forfeiture

1  case.  The United States contends that the defendant property
2  consisting of currency, money orders, and miscellaneous tobacco
3  products (collectively referred to as the "defendant assets") are
4  forfeitable to the United States because they are the proceeds of
5  mail and/or wire fraud, and/or are traceable to money laundering
6  offenses.  The details of the underlying criminal investigation
7  involving claimant are set forth in detail in the affidavit of
8  Special Agent Trista K. Frederick, U.S. Department of Justice,
9  Bureau of Alcohol, Tobacco, Firearms, and Explosives, attached as
10 Exhibit A to the Complaint for Forfeiture In Rem filed on April 27,
11 2007.
12     2.   The defendant property was seized from claimant LA Price
13 King's business premises at 338 East 3rd Street, Los Angeles,
14 California, on October 17, 2006, during the execution of a search
15 warrant.
16     3.   Varun Kumar, in his capacity as President of LA Price
17 King, Inc., submitted a claim to the defendant assets.  The United
18 States intends to depose Kumar about various topics, including but
19 not limited to his knowledge of the operation of LA Price King and
20 other companies in the tobacco distribution business in the Los
21 Angeles area.  Kumar will also be questioned about LA Price King's
22 payment, or non-payment, of excise taxes due to the State of
23 California, Board of Equalization, in connection with the sale of
24 tobacco products.
25     4.   Anil Mahli was indicted on December 18, 2008, by a
26 federal grand jury in this district on charges relating to the
27 operation of LA Price King, including conspiracy to commit mail
28 fraud and mail fraud.  That case is United States v. Salam S.

1  Kalasho, Anil Mahli, and Pisces International, Inc., 2:08-CR-577
2  FCD.  The indictment charges that Mahli was the de facto owner of
3  LA Price King, and was in charge of day-to-day operations at LA
4  Price King.  To proceed with discovery in this case plaintiff would
5  need to depose Anil Mahli on the same topics described in the
6  previous paragraph.
7       5.   Counsel for claimant LA Price King has informed counsel
8  for the United States that if discovery proceeds, Kumar and the
9  principals of LA Price King, including defendant Anil Mahli, would
10 be placed in the difficult position of either invoking their Fifth
11 Amendment right against self-incrimination and losing the ability
12 to protect its interest in the defendant assets, or waiving their
13 Fifth Amendment rights and submitting to depositions and
14 potentially incriminating themselves in a related criminal
15 investigation.  If Mahli or the other individuals the United States
16 believes are the true owners of LA Price King invoke the Fifth
17 Amendment, the United States will be deprived of the ability to
18 explore the factual basis for the claims LA Price King has filed
19 with this Court.
20      6.   In addition, claimant intends to depose federal law
21 enforcement officers involved in the investigation that led to the
22 issuance of the search warrant.  Allowing depositions of the law
23 enforcement investigators involved in the criminal investigation
24 would adversely affect the ability of the U.S. Attorney's Office to
25 properly prosecute their case.
26      7.   Accordingly, the parties recognize that proceeding with
27 this action at this time has potential adverse affects on the
28 related criminal prosecution and/or upon claimant's ability to

prove its claim that the defendant assets belongs to them, and that they came from legitimate sources.  However, the parties are informed and believe that the criminal matter involving Mahli may be resolved in the near future.  The status conference in Mahli's criminal case has been continued again to January 18, 2011.  For these reasons, the parties jointly request that this matter be stayed until May 13, 2011.  At that time the parties will advise the court of the status of the criminal prosecution and will, if necessary, seek a further stay.

8. The parties to this stipulation reserve all claims and defenses to this forfeiture.  In particular, by agreeing to this stay, the United States has not waived its right to challenge claimant's standing to contest the forfeiture of the defendant assets.

Dated: 1/11/11                    BENJAMIN B. WAGNER
                                  United States Attorney


                            By    /s/ Kelli L. Taylor
                                  KELLI L. TAYLOR
                                  Assistant U.S. Attorney


Dated: 1-11-11                    BENSINGER, RITT, TAI & THVEDT


                            By:   /s/ Kerry R. Bensinger
                                  KERRY R. BENSINGER
                                  Attorneys for LA Price King, Inc.

                                  (Original signature retained by attorney)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until May 13,

2011. On or before May 13, 2011, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: <u>January 11, 2011</u>

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE